## RICE *a.* WHITLOCK.

*New York Common Pleas ; General Term, July,* 1863.

UNDERTAKING.—APPEAL.—STAY OF PROCEEDINGS.

The last clause of section 348 of the Code applies only to the class of undertakings therein specified.

It is no bar to an action upon a special bond or agreement to be answerable for a judgment, that an appeal has been taken from such judgment and security given to stay proceedings.

Appeal from a judgment.

This was an action by Henry G. Rice and William H. Stewart against Augustus Whitlock, upon an agreement or undertaking, which recited that a judgment had been recovered in the New York Common Pleas against one R. H. Isham for $3,994.73, from which Isham had taken an appeal, but without giving security to stay proceedings; that supplementary proceedings were pending against Isham, and an attachment had been issued against certain property of his in Connecticut: the present defendant then undertook, that on the plaintiffs abandoning the supplementary and attachment proceedings, to pay the judgment in case of affirmance. The judgment was affirmed, and plaintiffs brought the present action. At the trial, it appeared that Isham had, before the commencement of this action, further appealed to the Court of Appeals, and given security in due form to stay plaintiffs' proceedings. In the present action, plaintiffs recovered judgment for $5,413.33, and defendant appealed.

*Isaiah T. Williams,* for the appellant.—I. The appeal from the judgment of the general term was perfected before the present action was brought; in this respect the case is materially distinguished from Burrall *a.* Vanderbilt (6 *Abbotts' Pr.,* 70; 1 *Bosw.,* 637), and from Heebner *a.* Townsend (8 *Abbotts' Pr.,* 234).

II. It could never have been the intention of the Legislature that the surety should be placed in a worse position than the defendant himself. The case does not differ materially from that of a surety in the nature of special bail; against whom proceedings would be stayed pending a writ of error brought by his principal.

III. Such construction ought to be given as will not suffer the statute to be evaded. (People *a.* Utica Ins. Co., 15 *Johns.,* 358.)

*Augustus F. Smith,* for the respondent.—The appeal to the Court of Appeals and the undertaking would have been no answer to this action, had it been founded upon an undertaking in the usual form. The only way for the defendant was to apply to this court to stay proceedings. (Heebner *a.* Townsend, 8 *Abbotts' Pr.,* 234; Burrall *a.* Vanderbilt, 6 *Ib.,* 70; S. C., 1 *Bosw.,* 637; *Code,* § 339.) Much more is it true that

the appeal and undertaking are no answer to an action upon a special bond or agreement like that in suit.

HILTON, J.—The Code provides that an appeal in an action to the general term of this court does not stay proceedings on the judgment appealed from, unless security be given thereon as on the appeal to the Court of Appeals (§ 348); and, further, that no action shall be commenced upon any undertaking given in pursuance of the provisions of this section in case an appeal shall be taken to the general term, nor shall any recovery be had upon any such undertaking until after the final determination of such appeal.

The agreement or instrument here sued upon is not such an undertaking, nor does it seem that the defendant, down to the time of the trial, so considered it ; as one of the defences interposed by his answer was that his signature to the instrument was procured by false representations, and upon the supposition that it was in the usual form prescribed for undertakings in cases of appeal to the general term; and to the defence thus stated, he added : " Whereas, in truth and in fact, as he is advised by his counsel, and believes that said bond or agreement is not the usual undertaking required and which is given in cases of appeal to the general term, and is not an undertaking in conformity with the statutes and the rules and practice of the courts in such cases made and provided, but is, in fact, an instrument materially different in form and legal effect."

As this advice meets my full concurrence, I do not see how it is possible for the defendant to invoke in his aid the provision of the Code referred to.

BRADY, J., concurred.

DALY, F. J.—The perfecting of an appeal from the judgment is no answer in bar to an action upon the undertaking. The defendant's remedy is to apply to the court for a stay of proceedings. (Burrall *a.* Vanderbilt, 6 *Abbotts' Pr.*, 70; S. C., 1 *Bosw.*, 637 ; Heebner *a.* Townsend, 8 *Abbotts' Pr.*, 234 ; Burr *a.* Burr, 10 *Paige*, 169 ; Cook *a.* Dickerson, 1 *Duer*, 674 ; Wheeler *a.* Raymond, 6 *Cow.*, 581.)

Judgment affirmed.