JOSEPH B. HOYT *et al.*, Respondents, *against* ABRAHAM W. GODFREY, Appellant.

(Decided December 4th, 1882.)

Interlocutory costs may be set off against the judgment finally rendered in the same action, notwithstanding a promise by the party to whom the costs were awarded that they should belong to his attorney in the action.

APPEAL from an order of this court setting off costs against the judgment in the action.

After the entry of a judgment for plaintiffs in the action, the Court of Appeals, upon an appeal by the defendant from an order of the General Term of this court, affirming an order of the Special Term denying a motion to vacate an order of arrest granted against him, reversed the order appealed from and vacated the order of arrest, with costs to the defendant. A motion by the plaintiffs to set off the costs so awarded against the judgment recovered by them, was opposed by the defendant's attorney on the ground that the costs belonged to him personally, under an agreement between him and the defendant, made at the beginning of the action, that the attorney should have such costs. It appeared that execution upon the judgment

against the property of the defendant had been returned unsatisfied, and that the defendant was insolvent. The court granted the plaintiffs' motion to set off the costs, and from the order entered thereon the defendant appealed.

*Samuel C. Mount*, for appellant.

*William B. Tullis*, for respondent.

VAN HOESEN, J.—If this were an application to set off the judgment in one action against the judgment in another, we should feel obliged to apply the law as laid down in *Ely* v. *Cooke* (28 N. Y. 372), *Perry* v. *Chester* (53 N. Y. 240), and *Zogbaum* v. *Parker* (66 Barb. 341), and hold that where an attorney had purchased one of the judgments, and paid for it in services rendered in good faith, he should be treated like any other *bona fide* purchaser for value, and that he should not be deprived of his judgment because his assignor was indebted upon the other judgment to the person who applied for the offset.

This, however, is not such a case. The judgment here is in favor of the plaintiffs, but certain costs were allowed to the defendant upon a motion made in the action. These costs are claimed by the defendant's attorney, and it is insisted by him that the court cannot deduct them from the judgment because the defendant promised him, at the beginning of the action, that he should have whatever costs were recovered against the plaintiff. Interlocutory costs have frequently been offset (Graham's Practice, 349). It is eminently proper that the power to order an offset should be lodged with the court, otherwise a defendant, who may not care if his proceedings are stayed, may collect costs of the plaintiff without being compellable to pay such costs as may be awarded against himself. On the other hand it may happen that a defendant, unjustly sued, succeeds in the action, though interlocutory costs may have been awarded to the plaintiff, and the only chance he may have of getting any part of the final costs adjudged against the

plaintiff is by having the interlocutory costs deducted. Ought the law to be so construed as to allow the plaintiff's attorney to collect those costs from the defendant though the defendant cannot recover a dollar from the plaintiff? If the defendant's theory be correct, a party can, by promising the costs to his attorney, deprive the court of the power of ordering the costs to be deducted. The understanding between the defendant and his attorney must have been—I say must have been, for what the agreement was there is nothing to show, inasmuch as Mr. Mount's affidavit contains his conclusions without the statement of a single fact—the understanding must have been that the attorney should have such costs as, at the termination of the litigation, might be coming to the defendant. If interlocutory costs had been paid, they could not be recovered. If they were, at the close of the litigation, payable, they were subject to the right of the court to order an offset in a proper case. If the court thought proper to deduct the interlocutory costs awarded to the defendant from the amount that the plaintiff was entitled to recover, the defendant's attorney ought to have foreseen that such a contingency might arise. In this case, owing to the delays incident to legal proceedings, judgment was entered in favor of the plaintiff before the defendant succeeded in getting a vacatur of the order of arrest, and the order giving the defendant interlocutory costs was made after the entry of judgment. This circumstance ought not to affect the question, which is simply this: May the court, where an insolvent client agrees that his attorney shall have such costs as may be awarded, order that interlocutory costs allowed to the client shall be deducted from the judgment rendered against him?

I think the order appealed from should be affirmed, with costs and disbursements.

J. F. DALY and BEACH, JJ., concurred.

Order affirmed, with costs.