Nehrbas, J.
—The appeal to the general term of the court of common pleas, having been taken after the commencement of this action, although duly perfected, cannot act as a stay here. A motion for a stay should have been made. Rice v. Whitlock, 16 Abb. Pr., 225. The appeal subsequently taken, cannot divest a cause of action which has become complete. At the commencement of this action, there existed no such defense, and the plaintiff has done no act by which he divested himself of the right to the remedy which the action affords. There is, therefore, no force in this contention.
But it" is claimed that the judgment should have been in favor of the defendant Moore upon his counter-claim, inasmuch as the costs belonged to the party and not the attorney, and as the counter-claim is larger than the two bills of costs, there should be judgment absolute in his favor as against Kearney’s assignee, the plaintiff.
This court has repeatedly inclined to the opinion that costs in an action belong to the attorney, who may collect them regardless of any equities which may exist between the parties, instances of which have been cited by the learned trial judge. We have in this regard followed the decisions of the supreme court. But the general term of the court of common pleas holds a different view. In Hoyt v. Godfrey (11 Daly, 278), it is held that interlocutory costs may set be off against the judgment finally rendered, notwithstanding a promise by the party to whom the costs were awarded that they should belong to his attorney in the action. The court of common pleas seems rather to follow the Fnglish rule on the subject, which holds that the costs belong, as of course, to the party and not to the attorney. *672 This appears authoritatively in the case of Smith v. Chenoweth (6 N. Y. State Rep., 232, reversing same case reported 3 N. Y. State Rep., 265). The court there say: “The costs which accrue in an action, whatever their character may be, are not the property of the attorney; they belong to the party. The attorney has a lien upon them for his compensation. Whether an attorney’s lien for costs is superior in equity to the rights of a party to setoff one judgment for costs against another in the same action is the question presented. There is a conflict of authority upon the subject. We are controlled by the decision of the general term of this court upon the precise question involved in this case (citing Hoyt v. Godfrey, supra).
Again, “and it is also in accordance with the English rule, as stated in Chitty’s Archibald, vol. 1, page 110: “It (the lien) extends only to the' balance which is ultimately to be paid over to the client upon the general and final result of the cause. Whatever costs may be due to the opposite party in the particular case, whether they are costs of special issues found for him or of interlocutory proceedings, he has a right to deduct them without regard to the amount which may be due from the client to the attorney.’ See Scott v. Richebourg, 11 C. B., 447. We think this is the fair rule, and the one calculated to produce the least injustice.”
The plaintiff, though alleging in his complaint that he was the attorney for Kearney in the suit of Thomson against the latter, nevertheless bases his cause of action upon the assignment to him of the two judgménts for costs. From the language used in Smith v. Chenoweth, before cited, it would seem- that the defendant Moore had a perfect legal right to set up his counter-claim for money due him by Kearney, plaintiff’s assignor, and thereby effectually extinguish plaintiff’s claim as to the defendant Moore, the undertaking being joint as well as several. Again, the undertaking reads, defendants “will pay on demand to the defendant,” etc., being in that respect different from other legal undertakings.
From the foregoing, it appears that the counter-claim pleaded by the defendant Moore should have been allowed, and judgment directed in favor of the defendant Moore.
The judgment, in so far as it affects the defendant Moore, must, therefore, be reversed, and. unless the plaintiff can satisfy us that the facts may, by some possibiHty, be changed on a new trial, judgment will be ordered for the defendant Moore, with costs, including costs of appeal.
The order will be settled on two days notice by Judge Nehrbas.
McAdam, Ch. J., concurs.