### HOPPER v. ERSLEV et al.

(Superior Court of New York City, General Term. April 3, 1893.)

DEMURRER—OVERRULING AS FRIVOLOUS.

A complaint alleged that, after plaintiff had filed a mechanic's lien against certain property, defendant gave an undertaking for the discharge of any judgment that might be rendered against the property in proceedings to enforce the lien; that the notice of lien was canceled; that judgment was subsequently rendered against the property, in plaintiff's favor, for $1,476.21; and that no part thereof had been paid. *Held*, that, since the complaint failed to state the amount of the undertaking, the person to whom it was made, the court wherein the judgment was obtained, and that it was duly rendered, a demurrer was not so clearly bad as to warrant its being overruled as frivolous.

Appeal from special term.

Action by John J. Hopper against Conrad Muller, Jr., Anna Hauff, Victor P. P. Erslev, and Edwin S. Updike, Sr., on a bond. From an order overruling as frivolous a demurrer to the complaint, defendants Erslev and Updike appeal. Reversed.

The complaint alleges as follows: "(1) That on or about March 28, 1891, the plaintiff filed in the office of the clerk of the city and county of New York a notice of lien, pursuant to the provisions of chapter 342, Laws of 1855 of the state of New York, and its amendments, wherein he claimed a lien to the amount of $973.50 for materials furnished by him, and which were used in the erection of the buildings upon the following described premises, [describing the same.] (2) That on or about April 2, 1891, the defendants executed and filed with the clerk of the court of common pleas for the city and county of New York an undertaking to discharge said lien of record, which recited the filing of said lien, and was conditioned that if the said defendants Anna Hauff, Conrad Muller, Jr., or their legal representatives, should well and truly pay any judgment that might be rendered against said property in any proceeding to enforce the aforesaid lien, then said obligation to be void; otherwise, to remain in full force and virtue. (3) That said undertaking was thereafter duly approved, and said notice of lien canceled and discharged of record, pursuant to an order granted at a special term of the court of common pleas for the city and county of New York. (4) That thereafter, and on or about September 30, 1892, in a proceeding or action brought by plaintiff to enforce said lien, judgment was rendered and entered against said property, in favor of the plaintiff, for the sum of $1,476.21. (5) That a copy of said

judgment, with notice of entry thereof on September 30, 1892, was personally served on the defendants Conrad Muller, Jr., Anna Hauff, and Victor P. P. Erslev, on October 1, 1892, and on the defendant Edwin S. Updike, Sr., on October 3, 1892, accompanied by a written demand for the payment of the amount thereof. (6) That the defendants Anna Hauff and Conrad Muller, Jr., have not paid the aforesaid judgment so rendered against said property, and no part thereof has been paid, and there is now due plaintiff on account thereof the sum of $1,467.21, with interest from September 30, 1892. Wherefore the plaintiff demands judgment against the defendants for the sum of $1,476.21, with interest from September 30, 1892, with costs."

Argued before SEDGWICK, C. J., and DUGRO, J.

Henry B. Weselman, for appellants.
Carpenter & Hassett, for respondent.

DUGRO, J. This is an appeal from a judgment for plaintiff entered upon an order overruling a demurrer to the complaint as frivolous. The order is brought up for review by the notice of appeal. Unless the demurrer is clearly bad upon its face, it should not have been overruled upon the motion. The failure to state in the complaint the amount of the bond, the person to whom it was made, the court wherein the judgment was obtained, and that it was duly rendered, and other omissions, make the plaintiff's success upon a trial very doubtful. We are by no means certain that the demurrer is not good.

Judgment reversed, with costs. Order reversed, without costs.