McADAM, J.—
The action was commenced in this court prior to November, 1892, and on April 12, 1893, the defendants recovered judgment against the plaintiff for $90.80, costs of an appeal to the general term. The action thereafter proceeded, and the plaintiff, on August 28,1894, recovered a judgment against the defendants for $1,651.46, which he has been unable to collect. The. present motion is by the plaintiff to set off the first judgment (as far as practicable) against the second. Objection is made that the first judgment was for costs only, and was equitably the property of the attorney,; that it was assigned to him by his clients; and that he in turn transferred it to one Foss, who lias made an affidavit claiming to own the judgment. Set-off is of equitable origin, and depends upon the equitable control which every court may exercise over its own suitors and process. Where the judgments were in different actions, the fact that one had been assigned before the application for set-off was made was generally regarded as a complete answer to the application. See cases cited" in 3 Wait. Law & Prac. 745. But where, as in this case, both judgments were recovered in the same action, the rule is that the equities of the parties are superior to the lien of the attorney or the rights of assignees. Hoyt v. Godfrey, 11 Daly, 278 ; Smith v. Chenowith, 14 id. 166 ; Davidson v. Alfaro, 80 N. Y. 660 ; Warden v. Frost, 35 Hun, 141 ; Hayes v. Carr, 44 id. 372 ; 8 St. Rep. 824. Besides, the defendants are insolvent, and every principle of equity requires the set-off claimed. The assignment held by Foss was subject to this prior equitable right, and does not defeat it.
Motion to set off granted, without costs.