(32 Misc. Rep. 258.)

### CRANDELL v. BICKERD et al.

(Supreme Court, Special Term, Greene County. July, 1900.)

1. JUSTICES OF PEACE—ACTION ON APPEAL BOND—DEFENSES.

Where action is brought against the sureties on an appeal bond given in a justice court on an appeal to the county court, the fact that an appeal has been taken from a judgment rendered against the appellant in the county court is not a defense, since such appeal is only a ground for stay of the proceeding.

2. SAME.

Where, in an action against the sureties on an appeal bond given in a justice court, the fact that an appeal has been taken from the decision of the upper court is alleged, the answer is insufficient if it fails to state that the appeal was perfected before the action on the bond was commenced.

3. SAME—EXTENT OF SURETY'S LIABILITY.

A defendant, in taking an appeal from a judgment of a justice court, gave a bond required by Code Civ. Proc. § 3050, conditioned that the sureties should pay the amount of the judgment rendered against the appellant. The county court overruled a demurrer to the defendant's amended answer, and an appeal was taken from such order to the appellate division, where it was reversed, and time given defendant to amend his answer; but before such reversal the cause had been tried on its merits, and judgment rendered for defendant. The defendant failed to file an amended answer, and judgments sustaining the demurrer and for costs were rendered against him in the county court. Held, that the sureties on the appeal bond were liable in an action for such costs.

4. FRIVOLOUS PLEADING.

Where it appears from the record, and is conceded by the parties, that the facts alleged in an answer are untrue, it will be stricken out as frivolous.

Action by John L. Crandell against Elizabeth Bickerd and others on an appeal bond given on appeal from a justice's judgment. On demurrer to defendants' answers. Demurrer sustained.

John L. Crandell, in pro. per.
George K. Daley, for defendants.

CHASE, J. An action was brought by the International Food Company against Elizabeth Bickerd in justice's court. That action was tried, and resulted in a judgment in favor of the plaintiff. An appeal was taken from such judgment to the county court of the county of Columbia, and in the notice of appeal a new trial was demanded in the county court. An undertaking was given on that appeal by the defendants in this action, the condition of which undertaking was in substantial compliance with section 3050 of the Code of Civil Procedure. In the county court a motion was made by the defendant Bickerd for leave to serve an amended answer, which being granted, an amended answer was served. The plaintiff demurred to part of the said amended answer, which demurrer was overruled by the county court, and an appeal was taken by the plaintiff to the appellate division from said order overruling the demurrer. Thereafter, and before the hearing of the appeal in the appellate division, the action of the International Food Company against the defendant

Bickerd was tried on its merits, and judgment rendered in favor of the defendant, which judgment has not been set aside, nor an appeal taken therefrom. Thereafter the appeal was heard in the appellate division, and the order of the county court overruling the demurrer was reversed, with leave to the defendant to serve a further amended answer within 20 days. No further amended answer being served, application was made, on notice, to the county court, for judgment sustaining the demurrer, with costs. Judgment was rendered by the county court against the appellant, sustaining the demurrer, with costs, amounting to the sum of $160.92. Execution has been issued on such judgment, and returned unsatisfied. The plaintiff in this action, John L. Crandell, has been the attorney for the International Food Company from the beginning of the action in justice's court. He brings this action, as the owner of said judgment for costs, against the defendants, the obligors in the undertaking. The defendants answer separately. Said answers are substantially alike. The fourth subdivision of each of said answers is as follows:

"For further amended answer and defense to plaintiff's complaint, this defendant alleges that the judgment set forth in plaintiff's complaint, which was rendered in the appellate division of the supreme court, has been appealed from, and the appeal is now pending in the court of appeals in this state, and no final judgment has been rendered thereon."

To such defense in each of said answers the plaintiff demurs on the ground that it is insufficient in law upon the face thereof. It may well be doubted whether such alleged defense sufficiently states that an appeal has been duly perfected to the court of appeals. Assuming that an appeal has been duly perfected to the court of appeals, I am still of the opinion that such statement or alleged defense is not sufficient in law upon the face thereof. The defendants' remedy in such case is to apply to the court for a stay of proceedings. If a judgment on a remittitur from the court of appeals had actually been rendered before the commencement of this action, reversing the order of the appellate division, and affirming the order of the county court, it would concededly take away the right of action herein. Such possible termination of the appeal might be alleged as a reason for a stay of proceedings until the determination of such appeal in the court of appeals, but the simple fact of such an appeal being perfected is not of itself a legal defense. Rice v. Whitlock, 16 Abb. Prac. 225, and cases cited. The defense does not allege that the appeal was taken prior to the commencement of this action. It appears from the papers that the notice of appeal was served subsequent to the original answer in this case, and on the day preceding the service of the amended answer. The defense, in any event, should have stated that the appeal was perfected prior to the commencement of this action. Channing v. Moore, 11 N. Y. St. Rep. 670; Heebner v. Townsend, 8 Abb. Prac. 234. The demurrers are sustained, with one bill of costs and all disbursements to the plaintiff.

Many of the allegations in the answer are subject to criticism by reason of the way in which reference is made to the allegations of the complaint. I have not given the technical objections to the form of the answers special attention, by reason of the fact that I think the

case should be decided upon other and more meritorious grounds. The important question arising by reason of the answers is as to whether the judgment alleged in the complaint, being a judgment rendered in the county court, sustaining the demurrer interposed to the amended answer in the county court, is such a judgment as is contemplated by the undertaking given by the defendants herein. It is apparent that there is no real dispute of fact in this case. It is, rather, a contention as to the liability of the defendants on a conceded statement of facts. If the plaintiff can recover herein by reason of the judgment mentioned in the complaint in this action, the answer, so far as the second division thereof is concerned, is untrue. An untrue answer is a sham answer. If the judgment referred to in the complaint is not one contemplated by the undertaking given by the defendants, this answer, so far as it raises such question, should be sustained. When an appeal is taken from a judgment of the justice's court, and a new trial is demanded in the county court, the judgment appealed from is no more effective between the parties, but the case is heard in the county court de novo. All proceedings in the suit thereafter are the same as if the action had been originally commenced in the county court. Code Civ. Proc. § 3071; Burns v. Howard, 9 Abb. N. C. 321. The condition in the undertaking given by the defendants is "that if the said appeal is dismissed, or if judgment is rendered against the appellant in the appellate court, and execution issued thereon is returned wholly or partially unsatisfied, said sureties will pay the amount of said judgment, or the portion thereof remaining unsatisfied." The judgment referred to in the undertaking of the defendants is a judgment rendered in the county court. The judgment mentioned in the complaint is within the letter of the contract of the defendants, and is clearly and unquestionably covered by the language used in the undertaking. I do not think there is anything in the undertaking itself, or in the papers before me, to justify the conclusion that the judgment referred to in the complaint is not within the spirit of the undertaking. If the statute had intended to limit the undertaking to a judgment rendered against the appellant in the appellate court on the merits only, other language would have been used. The right to a new trial in the county court, without alleging any error or fraud, is a special and unusual privilege given to the appellant. It is quite possible that the undertaking required in such case was intended to be as broad as its language would indicate.

It is difficult to determine just what the defendants intended to deny by the fifth division of the answers. Giving that division of the answers its most extended meaning, it simply denies the rendering of a judgment against the appellant contemplated by the undertaking, and denies that the plaintiff was the attorney for the International Food Company. The fact that judgment was rendered against the appellant in the appellate court, as claimed by the plaintiff, clearly appears from the papers and public records before me. The fact that plaintiff in this action was the attorney for the International Food Company in the county court and in the appellate division also clearly appears from the papers and public records before me. Not only do

these facts clearly and indisputably appear before me, but they were conceded in open court herein. So far as the answers raise any issue of facts, they are clearly and concededly untrue. The facts being conceded, I hold that defendants are liable on the undertaking, and the answers should be wholly stricken out, as frivolous and sham. Ordered accordingly.