### VAN CISE v. PETERMAN.

(Supreme Court, Special Term, Erie County. February 8, 1905.)

COSTS—SET-OFF AGAINST RECOVERY—INTEREST OF ATTORNEY IN JUDGMENT.

The judgment for plaintiff for less than claimed having been affirmed on appeal by him, prosecuted by his attorney who brought the action under an agreement that he should receive a portion of the recovery for his services, defendant is entitled to have it offset, notwithstanding such attorney's interest, against defendant's judgment for costs on appeal.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 1025–1028.]

Action by Oscar Van Cise against Stephen L. Peterman. Heard on motion of defendant. Motion granted.

The plaintiff recovered a judgment against the defendant for $30 damages and $30 costs, making $60, in an action for assault, which judgment was entered on or about April 9, 1904, from which an appeal

was taken by the plaintiff to the Appellate Division. The judgment was there affirmed, with costs, and the defendant now moves to offset plaintiff's judgment against the judgment recovered by the defendant for costs on the appeal.

J. E. Bixby, for the motion.

W. Darwin Phelps, opposed.

KRUSE, J. The attorney for the plaintiff resists this application to have the plaintiff's judgment offset against the defendant's judgment, contending that his right and interest in the plaintiff's judgment is superior to the right of the defendant to have one judgment offset against the other, claiming that in addition to the lien given to him for his services upon the plaintiff's judgment under section 66 of the Code of Civil Procedure he entered into an agreement with the plaintiff, whereby he was to receive for his services in prosecuting the plaintiff's claim one-half of the recovery, besides the costs which the plaintiff might recover against the defendant.

Under the general provisions of section 3247 of the Code a person beneficially interested in an action, although not named as plaintiff, becomes liable for costs to the same extent as if he was so named, but an attorney or counsel for the plaintiff whose only beneficial interest consists of a right to a portion of the sum or property recovered as compensation for his services in the action, is exempted, so that ordinarily an attorney does not become liable for costs, and very likely the plaintiff is not personally liable in this action. It is to be observed, however, that the appeal, nominally by the plaintiff, an insolvent evidently taken upon the ground of inadequacy of damages, was for the benefit of the attorney as well as the plaintiff. These circumstances may well be taken into account in determining the right of set-off which is urged by the defendant upon equitable considerations. Where, under such circumstances, an attorney interested in the event of a litigation such as this, under an agreement of the character claimed by him here, prosecutes an appeal without success, he ought not to complain of the result which may follow the offsetting of a judgment in the same action in which he has an interest against a judgment for costs on the appeal in favor of the opposing party.

I am well aware that the authorities are not in entire accord upon this question, but I think the fair rule is to permit the offset under circumstances such as are disclosed in this case, and such a course is not without authority. See Hopper v. Ersler (Super. N. Y.) 38 N. Y. Supp. 176; Smith v. Chenoweth, 18 Abb. N. C. 349; see, also, 1 Nich. Prac. § 355.

The motion is granted.