was error substantially prejudicial to the defendant for the trial justice to overrule defendant's objection at folios 118, 267 and 268, and to permit the plaintiff there to testify to alleged personal transactions with the decedent.* Mills, Rich, Blackmar, Kelly and Jaycox, JJ., concur.

Frank A. Lincoln, Respondent, v. John R. Miller, Appellant.— Order of the County Court of Kings county affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

William H. Murray and Others, Copartners, etc., Respondents, v. Albert G. Bryan, Appellant.— The provisions of Code of Civil Procedure, section 731, for costs to be added to the amount tendered, do not apply to a tender before suit, such as was set up in the answer here. Under plaintiffs' admission of their refusal to take the $108 offered, defendant did not have to produce actually the money and bring out a more emphatic refusal. (*Bellinger* v. *Kitts*, 6 Barb. 273.) The order of the County Court of Westchester county is, therefore, reversed, with ten dollars costs and disbursements, with a direction that plaintiffs' recovery of the amount of defendant's tender, with any interest accrued since payment thereof into court, be offset against defendant's costs to be taxed. (*Dingee* v. *Shears*, 29 Hun, 210.) Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

Nelson C. Osborne, Respondent, v. Nathan H. Hand and Others, Defendants. Frank B. Wiborg, Appellant.— Judgment of the County Court of Suffolk county unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ.

The People of the State of New York, Respondent, v. Harry Schilman and Others, Appellants.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

Frederick R. Rich, Appellant, v. Myer Nussbaum, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Mills, Putnam, Blackmar, Kelly and Jaycox, JJ.

Charles W. Sherwood, Appellant, v. Thomas E. Coffey, Respondent. — The motion to dismiss the complaint on the ground that the Justice's Court had not jurisdiction did not specifically raise the objection that the summons had been served by a person not regularly deputized therefor. After adjournments and a trial on the merits, in which both parties gave testimony, we think such a point, as the authority to serve the summons, was not available to appellant in the County Court, under Code of Civil Procedure, section 3063. Judgment and order of the County Court of Nassau county reversed, with costs, and judgment of the Justice's Court unanimously affirmed. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

Tisdale Lumber Company, Appellant, v. John Kellinghausen, Defendant, Impleaded with Minnie Kellinghausen, Respondent.— We are of opinion that the plaintiff was entitled to examine the defendant Minnie