ABRAHAM BAUMWALD, Appellant, *v.* TWO STAR LAUNDRY SERVICE, INC., and Others, Defendants, and JACOB LEIMAN, Respondent.

Second Department, January 29, 1932.

*Zarah Williamson* [*George Goldberg* and *William Gold* with him on the brief], for the appellant.

*Jacob Leiman,* respondent, in person.

KAPPER, J. On February 5, 1930, plaintiff commenced an action to foreclose a mortgage against defendant Two Star Laundry

Service, Inc.; on June 7, 1930, judgment of foreclosure for the sum of $28,240.08 was entered in said action; on July 17, 1930, a sale was had and resulted in a deficiency of $9,345.56; and on August 14, 1930, plaintiff's deficiency judgment was directed accordingly. On July 18, 1930, there was entered a judgment for costs in the sum of $148.75 in favor of defendant Two Star Laundry Service, Inc., and against the plaintiff. It is undisputed that these costs so awarded to the defendant were in the action and were the result of interlocutory or intermediate determinations of appeals from orders; and that said judgment for costs had been assigned to Jacob Leiman, the respondent, prior to the entry of plaintiff's deficiency judgment. It is also undisputed that defendant Two Star Laundry Service, Inc., is insolvent and without assets to pay plaintiff's deficiency judgment or any part thereof. Upon Leiman's notifying the plaintiff of the assignment of the judgment for costs to him, it appears that the plaintiff deposited with the clerk the amount of said judgment for costs and then sought an order to offset the sum against the plaintiff's deficiency judgment by reducing the amount thereof, the result of which, of course, would be to lessen the amount of the defendant's obligation. The order appealed from refused the relief to which plaintiff claimed to be entitled. In support of the order the Special Term relied upon *Beecher* v. *Vogt Manufacturing Co.* (227 N. Y. 468) and *Perry* v. *Chester* (53 id. 240). Both of the cited cases involved a claim of setoff of one judgment against another, both of them arising out of independent actions. In the *Beecher* case the judgment debtors purchased a judgment entered against their judgment creditor. Setoff was permitted only to the extent of what would remain to the purchasing judgment debtors after application thereto of the amount of the lien of the attorneys who had succeeded in obtaining the judgment so purchased. The *Perry* case, cited in the *Beecher* case, held to the same effect, *i. e.*, that a party having a judgment against another is not entitled to set it off against a judgment for costs " in a subsequent litigation " which such party unsuccessfully prosecuted, in so far as concerns the rights of an attorney who obtained the later judgment.

Neither case involves the facts presented by this record, and I think the appeal must be determined upon authorities which hold the right of setoff to exist in such circumstances.

In *Hoyt* v. *Godfrey* (11 Daly, 278) it was held, as per syllabus, that " Interlocutory costs may be set off against the judgment finally rendered in the same action, notwithstanding a promise by the party to whom the costs were awarded that they should belong to his attorney in the action." Judge VAN HOESEN, writing

for the General Term of the Common Pleas, points out that if the application were to set off a judgment in one action against the judgment in another, " we should feel obliged to apply the law as laid down in " *Perry* v. *Chester* (53 N. Y. 240) and other cases cited, and hold in favor of the attorney's lien upon the judgment which the attorney's services succeeded in obtaining. But, added the learned judge, " this, however, is not such a case; " and that (pp. 279, 280) " The judgment here is in favor of the plaintiffs, but certain costs were allowed to the defendant upon a motion made in the action. These costs are claimed by the defendant's attorney, and it is insisted by him that the court cannot deduct them from the judgment because the defendant promised him, at the beginning of the action, that he should have whatever costs were recovered against the plaintiff. Interlocutory costs have frequently been offset. (Graham's Practice, 349.) It is eminently proper that the power to order an offset should be lodged with the court, otherwise a defendant, who may not care if his proceedings are stayed, may collect costs of the plaintiff without being compellable to pay such costs as may be awarded against himself. On the other hand it may happen that a defendant, unjustly sued, succeeds in the action, though interlocutory costs may have been awarded to the plaintiff, and the only chance he may have of getting any part of the final costs adjudged against the plaintiff is by having the interlocutory costs deducted. Ought the law to be so construed as to allow the plaintiff's attorney to collect those costs from the defendant though the defendant cannot recover a dollar from the plaintiff? If the defendant's theory be correct, a party can, by promising the costs to his attorney, deprive the court of the power of ordering the costs to be deducted."

It should be noted, in the case last referred to, that execution upon the plaintiff's judgment was returned unsatisfied, and that the defendant was insolvent. The same circumstances appear in the case at bar.

In *Smith* v. *Chenoweth* (14 Daly, 166) the General Term of the Common Pleas, following *Hoyt* v. *Godfrey* (*supra*), directed a setoff where the costs were incurred in the same suit. They say (p. 168): " It is well established that a judgment in one action cannot be set off against a judgment in another action, to the injury of the attorney. This is not what is asked for in this case." It is further held that the costs accruing in an action, whatever their character may be, are not the property of the attorney, but that they belong to the party, the attorney having a lien upon them for his compensation; and that the question presented was whether an attorney's lien for costs was superior in equity to the rights of a party

to set off one judgment of costs against another in the same action. This question the learned court answered in the negative.

*Hoyt* v. *Godfrey* (*supra*) was not brought to the attention of the court in *Dingee* v. *Shears* (General Term, 2d Dept., 29 Hun, 210). But, nevertheless, the ruling was the same, BARNARD, P. J., stating that " The right to set off interlocutory costs has been established." The facts in the *Dingee* case show suit for $600 with an offer by defendant to allow judgment for $108, which was not accepted; and upon the trial the plaintiff obtained a verdict for $108, thus giving costs to the defendant. Later, the defendant in writing assigned his recovery of costs to his attorney. The defendant then was insolvent. Plaintiff moved and obtained an order setting off the defendant's judgment against an amount equal thereto of the plaintiff's judgment. It was that order which was affirmed by the court, BARNARD, P. J., and DYKMAN and CULLEN, JJ.

A recent decision of this court (*Murray* v. *Bryan*, 196 App. Div. 908) followed *Dingee* v. *Shears* (*supra*) and directed an offset of costs obtained by defendant in the same action against plaintiff's recovery.

It is true that an attempt was made to assign prospective costs at some period prior to the judgment of foreclosure, but they were no more tangible at that time than was the deficiency judgment later entered. When the judgment for costs was actually assigned by this insolvent defendant, the deficiency actually existed although not then docketed as a judgment. In *Hoyt* v. *Godfrey* (*supra*) it was said that " the defendant's attorney ought to have foreseen that such a contingency might arise " as an offset of the interlocutory costs against the judgment. The same applies here, and, in the language of *Dingee* v. *Shears* (*supra*), " at the time of the assignment to the attorney by the defendant there was a legal set off existing and nothing passed by it." The rule is definitely settled that costs awarded in an action are the property of the party and not of his attorney (*Smith* v. *Chenoweth, supra; Barry* v. *Third Avenue R. R. Co.*, 87 App. Div. 543; *Earley* v. *Whitney*, 106 id. 399; *Matter of Steele*, 165 id. 683, 684; *Rotberg* v. *Hebron*, 94 Misc. 225, 230); and so here it must be equitably held that the insolvent client could not part with the costs accruing to him to his judgment creditor's detriment against the right of setoff.

The question propounded in *Hoyt* v. *Godfrey* (*supra*), " May the court, where an insolvent client agrees that his attorney shall have such costs as may be awarded, order that interlocutory costs allowed to the client shall be deducted from the judgment rendered against him? " is the same as that at bar. The affirmative answer there given should be the answer here. Otherwise, a successful

suitor, after hurdling the legal obstacles interposed by his debtor, may find himself digging into his pocket with one hand to pay out cash for incidental costs while holding a worthless judgment with the other.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur.

Order denying plaintiff's motion to offset a judgment in favor of defendant Two Star Laundry Service, Inc., against a judgment obtained by plaintiff against said defendant reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs.