EUGENE A. PERKINS, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Defendant, Impleaded with IDONAH SLADE PERKINS, Respondent.

GUY HUGHES RIEGEL, Appellant.

First Department, February 3, 1939.

*Chauncey E. Treadwell* of counsel [*Guy Hughes Riegel*, attorney], for the appellant.

*George A. Ferris* [*Bartholomew A. Moynahan* with him on the brief], for the respondent.

CALLAHAN, J. Guy Hughes Riegel, appellant, was the attorney for one Idonah Slade Perkins in an action entitled " Eugene A. Perkins, Plaintiff, v. Guaranty Trust Company of New York and Idonah Slade Perkins, Defendants." He served as attorney during part of the litigation brought against her. During the pendency

of the litigation against Mrs. Perkins she discharged Mr. Riegel as her attorney. He brought a proceeding under section 475 of the Judiciary Law to have his compensation fixed. In that summary proceeding an order was made at Special Term fixing Mr. Riegel's lien at $12,500. Mrs. Perkins then consulted another attorney, her present counsel, Mr. George A. Ferris, and retained him to prosecute an appeal from the order fixing the fee of Mr. Riegel. This court modified the order by reducing the fee from $12,500 to $4,000. Mr. Riegel then appealed to the Court of Appeals, which affirmed this court's order, with costs. (253 App. Div. 709; 278 N. Y. 690.) These costs were taxed at $146.77, and judgment therefor in favor of Mrs. Perkins and against Mr. Riegel was entered on July 7, 1938.

The question presented on this appeal is whether Mr. Riegel may offset the sum of $146.77, so awarded as costs, against the sum of $4,000 allowed him for his services.

The $4,000 awarded has all the attributes of a judgment in Mr. Riegel's favor against his client, and the lien thereof attaches to his client's cause of action.

Mr. Ferris claims a lien upon the judgment for $146.77 costs, and asserts that, in order to preserve his lien, the right of setoff should be denied to Mr. Riegel. Special Term agreed with Mr. Ferris' contention and denied the motion for a setoff. We deem that it erred in doing so.

We think this case is controlled by the authority of *Baumwald* v. *Two Star Laundry Service, Inc.* (234 App. Div. 392; affd., 260 N. Y. 538). In that case an action was brought to foreclose a mortgage. Plaintiff, having secured the appointment of a receiver *ex parte*, obtained an order directing the defendant to pay certain rent to the receiver. An appeal was taken by defendant from that order and in March, 1930, before the determination of the appeal, the defendant assigned any judgment for costs that might be obtained by it on the appeal to its attorney as security for his services. The order directing the payment of rent was modified and, as modified, affirmed on appeal,* and on July 18, 1930, a judgment for $148.75 costs was entered in favor of the defendant. On July 17, 1930, the premises involved in the main action had been sold at auction and a deficiency judgment was entered in the action in favor of plaintiff on August 14, 1930, for $9,345.56. Thereafter the plaintiff moved to offset the judgment for costs by deducting it from his deficiency judgment. The attorney opposed the application, asserting his rights as assignee. The court at Special Term denied the request. On appeal the Appellate Division

* See 230 App. Div. 723.

(2d Dept.) reversed the determination and, in its opinion, stated that the right of setoff existed because the costs had been awarded in the same action in which the main judgment was obtained, and, therefore, was superior to the lien of the attorney for the party who had obtained the judgment for costs. The Appellate Division distinguished the situation from those existing in cases such as *Beecher* v. *Vogt Mfg. Co.* (227 N. Y. 468) and *Perry* v. *Chester* (53 id. 240), where the claim of setoff of one judgment against another was made in the case of judgments arising out of independent actions. The Court of Appeals affirmed the decision of the Appellate Division without opinion.

We take this to be a holding that where the costs are awarded in the same action, the right of setoff is superior to that of the lien of an attorney who obtains a judgment for costs in some intermediate appeal in the action. In fact the *Baumwald* case (*supra*) would seem to be stronger in support of the claim of the attorney for the reason that he was an actual assignee of the judgment for costs and that judgment had been entered before the deficiency judgment was awarded.

In the present case the $4,000 was awarded in a proceeding under section 475 of the Judiciary Law. The costs awarded thereafter in the Court of Appeals were on an appeal arising out of the same proceeding in which the $4,000 was awarded.

We see no distinction between the instant case and that of *Baumwald* v. *Two Star Laundry Service, Inc.* (*supra*).

Accordingly the order should be reversed and the motion for a setoff granted, without costs.

O'MALLEY, TOWNLEY, DORE and COHN, JJ., concur.

Order unanimously reversed and motion for a setoff granted, without costs. Settle order on notice.